for an adjournment to amend his answer to allege an act of adultery by the plaintiff in 1972, at least three years earlier. We find no abuse of discretion in the trial court's denial of an adjournment to amend the pleadings at that late date (see *James-Smith v Rottenberg,* 32 AD2d 792). Since the refusal of plaintiff to have sexual relations with defendant was based upon his misconduct toward her, it will not support his counterclaim for divorce against her (see *Mirizio v Mirizio,* 242 NY 74, 80), and in any event, since that refusal existed for much less than one year prior to the institution of this action, it will not support defendant's counterclaim for divorce on the ground of abandonment (Domestic Relations Law, § 170, subd [2]; see *Dudzick v Dudzick,* 84 Misc 2d 731, 735; *Cavallo v Cavallo,* 79 Misc 2d 195, 197). The evidence of defendant's cruel and inhuman treatment of plaintiff was sufficient to support the judgment for her; and the evidence of his assets and earning ability was sufficient to justify the orders for temporary alimony and the judgment for permanent alimony (see *Kay v Kay,* 37 NY2d 632, 637). The stipulation of counsel at argument renders moot the appeal from the order of October 27, 1975 appointing a receiver, and that appeal is dismissed. (Appeal from judgment of Ontario Supreme Court—divorce.) Present—Marsh, P. J., Moule, Simons, Goldman and Witmer, JJ.

■ CAROLYN M. DE ANGELIS, Respondent, v DEANE C. DE ANGELIS, Appellant. (Appeal No. 2.)—Order unanimously affirmed. Same memorandum as in *De Angelis v De Angelis* (54 AD2d 1088). (Appeal from order of Ontario Supreme Court—temporary alimony.) Present—Marsh, P. J., Moule, Simons, Goldman and Witmer, JJ.

■ CAROLYN M. DE ANGELIS, Respondent, v DEANE C. DE ANGELIS, Appellant. (Appeal No. 3.)—Order unanimously affirmed. Same memorandum as in *De Angelis v De Angelis* (54 AD2d 1088). (Appeal from order of Ontario Supreme Court—modify order.) Present—Marsh, P. J., Moule, Simons, Goldman and Witmer, JJ.

■ CAROLYN M. DE ANGELIS, Respondent, v DEANE C. DE ANGELIS, Appellant. (Appeal No. 4.)—Appeal unanimously dismissed as moot. Same memorandum as in *De Angelis v De Angelis* (54 AD2d 1088). (Appeal from order of Ontario Supreme Court—appoint receiver.) Present—Marsh, P. J., Moule, Simons, Goldman and Witmer, JJ.

■ ERIE LACKAWANNA RAILWAY COMPANY, Respondent-Appellant, v STATE OF NEW YORK, Appellant-Respondent. (Claim Nos. 51229 and 52533.) —Order unanimously modified in accordance with memorandum and, as modified, affirmed, without costs. Memorandum: The State appeals from an order of the Court of Claims insofar as the order directed the State to produce a copy of an unfiled appraisal of the premises which are the subject of this highway appropriation. The State claims that the appraisal is immune from discovery because it has been used only for settlement negotiations (CPLR 3101, subd [d]). By statute (CPLR 3140) and court rule (22 NYCRR 1024.24, 1200.27), the parties to an appropriation claim are directed to exchange all appraisal reports intended to be used at trial. Unfiled reports used for settlement negotiations and not intended for use at trial generally may not be discovered. We have held, however, that unfiled appraisal reports which have been "adopted" by the State or condemning authority are not immune from discovery *(Niagara Falls Urban Renewal Agency v Clifton Holding,* 43 AD2d 900; cf. *Swartout v State of New York,* 44 AD2d 766). Once used in dealing with some third party, the report is not material prepared solely for litigation even though it may also be used for settlement or negotiation. The State having thus adopted the appraisal, it is